Gerald P. Culkin, J.
Petitioner, a resident taxpayer of the State and City of New York, seeks to restrain respondent from further violating subdivision 19 of section 105 of the Alcoholic ..Beverage Control Law, which prohibits advertising the retail prices of beer or liquor, for consumption off the retail premises, in any manner or by any means except in the interior of the licensed premises. Petitioner also seeks to restrain respondent State Liquor Authority from failing and refusing to enforce the provision of the Alcoholic Beverage Control. Law in question.
Respondents Al’s Liquor, Inc. (hereinafter referred to as “Al’s”), and Nussbaum Liquor Stores, Inc. (hereinafter referred to as “ Nussbaum ”), admittedly have advertised particular brands of liquor for sale on various occasions. Respondents Al’s, Nussbaum and SLA insist that because the advertisements indicate “priced under” or “pay less than” a certain figure, and because the sales are 1 or 2 cents below the specified figure, they have not violated the subject section of *1037 the law. They contend that subdivision 19 of section 105 of the Alcoholic Beverage Control Law only prohibits advertising the “ exact retail price ”, and, since they advertise only “ price ranges ”, there is no violation of the statute.
The basic public policy of the State and the purpose of the Alcoholic Beverage Control Law is to promote and foster temperance in the consumption of liquors (§ 101-bb). This is not an arbitrary statute, as respondents, particularly the State Liquor Authority, contend, but is to be construed according to the obvious legislative intent. Unquestionably, the prohibition against advertising the price “ in any manner or by any other means ” was intended to provide the broadest possible prohibition against such activities. Upon reading one of the advertisements here involved, a potential consumer knows that the retail price is less than the printed figure. These methods of advertising were designed to avoid the statutory prohibition, and in doing so, it must be concluded that the respondents “Al’s” and “Nussbaum” have violated subdivision 19 of section 105. Accordingly, petitioner’s motion seeking'to restrain respondents “ Al’s ” and “ Nussbaum ” from further violating subdivision 19 of section 105 is granted.
As to that branch of the motion which, in effect, seeks an order directing the SLA to enforce the provisions of subdivision 19 of section 105 of the Alcoholic Beverage Control Law, the relief requested is denied. Contrary to petitioner’s contention, section 123 of the Alcoholic Beverage Control Law does not authorize or provide a basis for the granting of such injunctive relief. The legislative purpose is clear. While either the SLA or a resident taxpayer can initiate an injunction proceeding, the latter cannot compel the former to do so (Alcoholic Beverage Control Law, § 123).