In the Matter of MILTON COHEN, Petitioner, *v.* STATE LIQUOR AUTHORITY et al., Respondents.

Supreme Court, Special Term, Nassau County, November 28, 1966.

*Gainsburg, Gottlieb, Levitan & Cole* for petitioner. *George J. Schneider* for Josephson and others, respondents. *Amen, Weisman & Butler* for Great Eastern, respondent. *Robert Gordon* for Jacoves, respondent. *Beck, Parker & Eisenberg* for Erwig

and others, respondent. *Myron Stern* for Cafiso's, respondent. *Richard W. Croughan* for White, respondent. *Hyman Amsel* for State Liquor Authority, respondent.

L. KINGSLEY SMITH, J. This proceeding is brought pursuant to sections 123 and 124 of the Alcoholic Beverage Control Law. The petitioner is a taxpayer who lives in the Town of Hempstead, Nassau County, New York. It is alleged by certain of the respondents, and not denied by the petitioner, that the petitioner is the holder of a license for the sale at retail of liquor for consumption off the premises. It is also claimed by some of the respondents that the petitioner is a member of a trade organization known as the Metropolitan Package Store Association.

The respondents who were joined and served in this proceeding are the State Liquor Authority (hereafter called the "Authority") and 19 retail liquor stores conducting business in various locations in Nassau County.

The petitioner alleges that in the period between February and August, 1966, the respondent licensees caused liquor advertisements to be published in newspapers and circulated by other means in which the prices of liquors were advertised for the purpose of inducing and attracting persons to buy liquor so advertised at the retail stores of the respondents. Copies of the advertisements are annexed to the petition as Exhibit "B". The advertising material complained of by the petitioner generally consists of an advertisement containing a picture of a bottle of liquor bearing a brand name and language indicating the type of liquor, its alcoholic content (proof) and quantity (fifth, quart or case). In addition, these advertisements contain, with respect to each advertised item, further language of which the following are the most common examples: "Less than $—— "; "Priced under $—— "; and "Under $—— ".

It is alleged by the petitioner that by causing such advertisements to be published and circulated the respondent licensees have violated the provisions of subdivision 19 of section 105 of the Alcoholic Beverage Control Law which, as amended in 1964, provides: "No licensee authorized to sell beer or liquor at retail for consumption off the premises shall display any sign on or adjacent to the licensed premises, setting forth the price at which beer or liquor, or any brand thereof, is sold or offered for sale, or advertise such price in any other manner or by any other means, except in the interior of the licensed premises."

With respect to the respondent licensees the petitioner seeks a permanent injunction restraining them from advertising in the

manner described. Petitioner also seeks such other and further relief against the respondent licensees and the respondent Authority as may be just and proper in the premises.

Apparently, the basis for making the Authority a respondent in this proceeding is the claim set forth in the petition that, despite knowledge of the type of advertising used by the respondent licensees, the Authority has failed to take steps to stop such advertising (petition, pars. " 20 " and " 21 "). It is clear from the language of sections 123 and 124 of the Alcoholic Beverage Control Law that neither of such sections provides for the granting of relief against the Authority and, accordingly, none will be granted in this proceeding. (*Matter of Rosenblum* v. *Al's Liqs.*, 50 Misc 2d 1036; *Matter of Rosenblum* v. *State Liq. Auth.*, N. Y. L. J., Sept. 19, 1966, p. 15, col. 7; *Matter of Cerreta* [*State Liq. Auth.*], N. Y. L. J., Oct. 27, 1966, p. 20, col. 1.)

The objection is raised by respondent White of Massapequa Liquors, Inc. (hereafter called " Whites ") that the petitioner lacks the legal capacity to commence this proceeding. Section 123 of the Alcoholic Beverage Control Law provides that " any taxpayer residing in the city, village or town in which such activity is or is about to be engaged or participated in or such traffic is being conducted " may bring the proceeding authorized by such section. Whites contends that petitioner has alleged that he was and still is a taxpayer of the Town of Hempstead and that he was and still is a resident of the Town of Hempstead. Whites claims that since it operates its licensed premises at Massapequa, in the Town of Oyster Bay, the petitioner, as a resident taxpayer of the Town of Hempstead, is not a proper person to commence this proceeding against the respondent Whites. The objection, in this court's opinion, lacks merit. The allegedly illegal activity against which relief is sought is advertising which petitioner claims is in violation of the statute and which is published, circulated and otherwise disseminated for the purpose of attracting and inducing persons to purchase liquor at the stores of the respondent licensees. The allegedly illegal advertising has been published in daily newspapers having a circulation throughout the towns and cities comprising the geographical area embraced by Nassau County. Similarly, it is claimed, and not disputed by respondent Whites, that non-newspaper advertising material of the type complained of by petitioner has been circulated in areas other than the Town of Oyster Bay and specifically in the Town of Hempstead. It thus appears that the petitioner is a resident taxpayer of the town in which the allegedly illegal activity is engaged in within the meaning of section 123 of the Alcoholic Beverage Control Law.

The motion of the respondent Whites to dismiss the petition as to such respondent, made during the course of oral argument on the return day of the order to show cause herein, is therefore denied.

The motion of the respondent Retail Center of the Americas, Inc., to dismiss the petition for lack of jurisdiction of the person, has been disposed of in a separate memorandum of even date with this one.

The position of the petitioner is that advertising of the types annexed to his petition violates subdivision 19 of section 105 of the Alcoholic Beverage Control Law because it constitutes " an unlawful device and subterfuge to circumvent the aforesaid ban against advertising the price of liquor by retail establishments " (petition, par. " 11 "). Petitioner contends that an advertisement which informs the prospective purchaser, for example, that a particular brand and quantity of liquor is " priced under $5.51 " conveys to the prospective purchaser the message that the retail price is, in fact, $5.50 for the item advertised. A similar contention is made for advertisements using other phraseology such as " Less than $—— ", " Under $—— ", and " Pay under $—— ".

The respondent licensees and the respondent Authority take a different view. They contend that such advertising does not violate the statute because it does not set forth " the price " at which liquor, or any brand thereof, is sold or offered for sale. Respondents reject the petitioner's contention that the form of advertising employed tells the reader what the retail price of the particular advertised item is.

The question presented for consideration and determination is whether the proscription of advertising contained in subdivision 19 of section 105 of the Alcoholic Beverage Control Law encompasses not only advertisement of the *exact* retail price at which liquor is sold or offered for sale but also advertising which indicates a price level below which liquor is sold or offered for sale.

This court is aware that in other proceedings, apparently similar to this one, advertising employing language substantially the same as that used by the respondent-licensees has been held to be in violation of the statute. That result was reached in the proceedings cited earlier in this memorandum and also in *Matter of Rosenblum* v. *State Liq. Auth.* (N. Y. L. J., Nov. 17, 1966, p. 15, col. 6). However, this court respectfully disagrees with the conclusion reached in such other proceedings, and is of the opinion that no violation of the statute is shown in this proceeding.

The interpretation of the language of subdivision 19 of section 105 contended for by the petitioner is not warranted. Unfortunately, there is absent from the papers presented in this proceeding any materials such as memoranda presented to the legislative committee in charge of the 1964 amendment to subdivision 19, excerpts from the minutes of any legislative hearing which may have been held, the report of a legislative committee recommending passage of the amendment, or any reference to legislative debate upon the proposed amendment. The search for the legislative intent underlying the amendment in 1964, so as to include within the advertising ban liquor as well as beer, must extend in other directions.

The amendment of subdivision 19 of section 105 was accomplished by chapter 531 of the Laws of 1964. That legislative package contained the sweeping revisions of the Alcoholic Beverage Control Law following the studies and reports of the New York State Moreland Commission on the Alcoholic Beverage Control Law and the liquor control recommendations contained in the Governor's special message to the Legislature on February 10, 1964.

The policy of this State which prompted the enactment of the Alcoholic Beverage Control Law in 1934 was " that it is necessary to regulate and control the manufacture, sale and distribution within the state of alcoholic beverages for the purpose of fostering and promoting temperance in their consumption and respect for and obedience to law." (Alcoholic Beverage Control Law, § 2.) That policy and purpose has not changed. The Moreland Commission reported, however, that these objectives have not been achieved in three decades of operation under the regulatory system prescribed by the Alcoholic Beverage Control Law as it existed up to 1964. Based upon its studies the Moreland Commission made recommendations for revision in the regulatory statutes which were presented to the Legislature. Important among the recommendations made to and acted upon by the Legislature were those ending the moratorium on the issuance of new package store licenses and the repeal of provisions of the Alcoholic Beverage Control Law which compelled the Authority to maintain resale prices set by distillers. The Moreland Commission found that the moratorium on the issuance of new licenses and State-enforced compulsory resale price maintenance were not in harmony with the American free enterprise system. Legislative action followed in 1964, as a result of which the ban on new licenses and the prior forms of resale price maintenance were terminated. The conclusion is inescapable that the Legislature in making its revision of the

Alcoholic Beverage Control Law intended, among other things, to bring to an end a system which eliminated competition and deprived the New York consumer of the benefits of free market efficiency. It is necessary, therefore, to read the provisions of subdivision 19 of section 105 as part of a comprehensive legislative program of reform in this State's regulation of the manufacture, sale and distribution of alcoholic beverages with paramount emphasis on the public interest. In that context, an interpretation of the advertising bans should be sought which is in harmony with the objectives of such reform.

It is also proper that due weight be accorded the interpretation of the law by the administrative agency which has the responsibility of administering it on a State-wide basis provided such interpretation is found to have a rational and reasonable basis. (*Matter of Marsh* [*Catherwood*], 13 N Y 2d 235, 239.) It is the opinion of the Authority that advertisements of the type challenged in this proceeding do not violate the statute. It appears from the affidavit of the Chairman of the Authority (annexed to the Authority's answer) that advertisements of this type were submitted to the Authority as early as February, 1966 and that the Authority, after considering them, stated its opinion to be that the legends employed did not constitute a violation of the statute. The Authority simultaneously expressed the opinion that '' if such advertisements are for prices which are below cost, sales of such items or advertisements of such items would be in violation of section 101-bb of the Alcoholic Beverage Control Law.'' The Legislature in enacting section 101-bb expressly declared it to be the policy of this State that the sale of liquor should be subjected to certain restrictions, prohibitions and regulations '' to eliminate retail sales of liquor at less than cost which unduly disrupt the orderly sale and distribution of liquor.'' In doing so, however, the Legislature recognized current marketing methods used under conditions of open competition, because it not only prohibited sales or offers to sell liquor at less than cost but it also prohibited licensees from advertising any item of liquor at a price which is less than cost. It is thus evident that the Legislature did not intend to prohibit *all* advertising by retail package liquor stores.

In order to accept petitioner's interpretation of the statute, not only must one disregard the total context of the over-all legislative purpose underlying the 1964 revision of the regulatory program, but also place an unwarranted meaning on the language employed. The section prohibits a licensee authorized to sell liquor at retail for off-premises consumption from dis-

playing any sign on or adjacent to the licensed premises which sets forth " the price " at which liquor is sold or offered for sale except in the interior of the licensed premises. In addition, the section prohibits such a licensee from advertising " such price " in any other manner or by any other means. The use of the words " the price " and " such price " clearly indicate, in this court's opinion, that it is the specific price of a liquor item which the licensee is prohibited from displaying or advertising except in the interior of the licensed premises. The position in the section of the words " in any other manner or by any other means " indicates that they have reference to media or vehicles of display and advertising rather than to the subject of price. This court regards petitioner's interpretation of the section as one which is strained, because it does not accord with meaningful sentence structure and with a reasonable interpretation of the legislative purpose in enacting remedial legislation. This court holds the view that the Authority's opinion that the words in the advertisement complained of are not violative of the advertising ban in subdivision 19 of section 105 has a reasonable and rational basis. The court similarly is in agreement with the Authority's opinion that the words of such advertisement do not collide with the State's policy of promoting temperance by regulating the traffic in alcoholic beverages.

Before it can be found that advertising matter violates the provisions of subdivision 19 of section 105 it must be made to appear that by reading such matter the prospective retail purchaser is able to know the amount he will be required to pay for the particular advertised item. No such showing has been made in this proceeding. The most that a prospective purchaser knows after reading the legends involved in this proceeding is that he will have to pay a price below that mentioned in the advertisement and that such undetermined amount is not less than the cost to the retailer. The actual or specific price at which the retailer will sell the item remains undetermined so far as the prospective purchaser is concerned until he visits or communicates with the package store.

The court accordingly finds that the petitioner has failed to establish his right to the injunctive relief sought and the petition is dismissed.