■ In the Matter of EVELYN L. ROSENBLUM, Respondent, v. ALS LIQUORS, INC., et al., Appellants, and STATE LIQUOR AUTHORITY, Respondent.— Order entered on July 25, 1966, affirmed, with $50 costs and disbursements to the respondent. Concur — Botein, P. J., McNally, Stevens, Steuer and Capozzoli, JJ. Stevens, J., dissents in the following memorandum. I dissent and vote to reverse and deny the injunction for the reasons hereinafter stated. This is a proceeding for injunctive relief brought pursuant to sections 123 and 124 of the Alcoholic Beverage Control Law. Petitioner, a taxpayer and owner of a retail liquor store, alleges that the appellants, retail liquor store dealers, are violating subdivision 19 of section 105 of the Alcoholic Beverage Control Law. Subdivision 19 of section 105 provides: "No licensee authorized to sell beer or liquor at retail for consumption off the premises shall display any sign on or adjacent to the licensed premises, setting forth *the price* at which beer or liquor, or any brand thereof, is sold or offered for sale, or advertise *such* price in any other manner or by any other means, except in the interior of the licensed premises." (Emphasis supplied.) Appellants had been variously advertising particular liquors as "priced under" "pay less than" a stated

price and petitioner contends that such advertisements with close mathematical accuracy featured the purchase price of the liquor and that was the purpose and intent of the advertising and this violated the statute. A close reading of the statute, noting its language in reference to " the price " and " such price " indicates that what is prohibited is the naming of the actual price. (It might be noted that this prohibition applies to retailers but not distillers who may freely advertise the exact price.) So read, the advertising complained of is clearly not a violation of the statute. The State Liquor Authority of the State of New York, the agency primarily charged with the duty of administering the Alcoholic Beverage Control Law, urged below and as *amicus curiæ* on this appeal asserts that the use of the phrases in question are not in violation of subdivision 19 of section 105 of the Alcoholic Beverage Control Law. The opinion of the Authority as such agency is entitled to great weight (*Matter of Katz's Delicatessen* v. *O'Connell*, 302 N. Y. 286). Its interpretation would seem also to accord with the recommendations of the Moreland Act Commission and the Governor's Emergency Message of February 10, 1964 which requested revision of the Alcoholic Beverage Control Law. As a result the Legislature eliminated ·from the Alcoholic Beverage Control Law " artificial restrictions on competition in retail liquor selling " (see *Matter of Hub Wine & Liq. Co.* v. *State Liq. Auth.*, 16 N Y 2d 112, 117). The statute is to be read as a whole and as so read the advertising complained of is violative neither of the law nor the spirit of the statute (see, also, *Cohen* v. *State Liq. Auth.*, 52 Misc 2d 111). [50 Misc 2d 1036.]