In the Matter of GREAT EASTERN LIQUOR CORP., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.

Second Department, July 8, 1968.

*Amen, Weisman, Finley & Butler (Meyer E. Reich of counsel),* for petitioner.

*Hyman Amsel (Emanuel D. Black and Herbert Rosenstein of counsel),* for respondent.

BRENNAN, J. The proceeding is pursuant to article 78 of the CPLR to annul the respondent's determination which imposed a $1,000 bond claim and a 55-day suspension, 50 days thereof deferred, of the petitioner's package store liquor license, because of advertising in violation of subdivision 19 of section 105 of the Alcoholic Beverage Control Law. The proceeding was transferred to this court pursuant to the provisions of CPLR 7804 (subd. g) and 7803 (subd. 4).

The question presented (other than excessiveness of the penalty) is whether the petitioner violated subdivision 19 of section 105 of the Alcoholic Beverage Control Law by offering to sell liquor " at wholesale " in newspaper advertisements. We have concluded in the negative.

The afore-mentioned subdivision of the statute provides: " No licensee authorized to sell beer *or liquor* at retail for con-

sumption off the premises shall display any sign on or adjacent to the licensed premises, setting forth the price at which beer *or liquor,* or any brand thereof, is sold or offered for sale, or advertise such price in any other manner or by any other means, except in the interior of the licensed premises " (emphasis ours).

It is undisputed by the parties that on five separate dates in 1967 the petitioner advertised in local newspapers the sale of liquor " at wholesale ". The respondent's Hearing Commissioner found that the advertisements did not violate the statute because " a reading of the advertisements * * * does not reveal the price or prices that the liquor items listed therein were sold or offered for sale." However, the respondent reversed the hearing officer's findings and found the charge sustained.

When subdivision 19 of section 105 was enacted in 1958 it pertained only to beer advertisements (L. 1958, ch. 927). In 1964 the Alcoholic Beverage Control Law was revised upon the recommendations of the Moreland Commission and the subdivision was amended to insert the phrase " or liquor " (L. 1964, ch. 531, § 15). Section 101-bb was also enacted as part of the 1964 reform and subdivision 2 thereof provides: " 2. No licensee authorized to sell liquor at retail for off-premises consumption shall sell, offer to sell, solicit an order for or advertise any item of liquor at a price which is less than cost."

The elimination of State enforcement of compulsory retail price maintenance was one of the prime reasons urged by Governor Rockefeller in his message to the Legislature for the adoption of the Moreland Commission recommendations (N. Y. Legis. Annual, 1964, pp. 484–489). He observed that the Moreland Commission findings indicated that consumers " expect the convenience and efficiencies of modern marketing methods and of open competition " (p. 487). Moreover, as our Court of Appeals recently recognized: " The statute was not enacted in a vacuum. * * * The change essentially was toward a free market for the sale of liquor in the interest of the consumer " (*Matter of Hub Wine & Liq. Co.* v. *State Liq. Auth.,* 16 N Y 2d 112, 117).

Accordingly, in previous Special Term cases, as well as in the only other prior appellate determination concerning similar charges, the respondent appeared *amicus curiæ* and urged that the advertisements there were not in violation of the statute. However, once a contrary view was expressed by the Appellate Division, First Department (*Matter of Rosenblum* v. *Als Liqs.,* 27 A D 2d 521), the respondent issued Bulletin No. 423 informing all package store licensees that advertisements such as " priced under " or " pay less than " a certain figure were violative of the statute. Under constraint of the determination in

*Rosenblum* (*supra*), the respondent urges here that advertisements " at wholesale " also infringe upon the statutory prohibition.

Since the 1964 amendments were designed to revise the Alcoholic Beverage Control Law " in the light of experience and current social problems and economic conditions " (*Seagram & Sons* v. *Hostetter,* 16 N Y 2d 47, 53, affd. 384 U. S. 35), it appears that the over-all intention of the Legislature in enacting the Moreland Commission recommendations was to: (1) increase competition between retail package stores, (2) provide a free market for liquor sales, (3) discourage price fixing and (4) benefit the consumer. That the public interest remains the paramount consideration is implicit in the regulatory scheme. Nevertheless, while the legislative purpose and interest in the subsequent amendments to the Alcoholic Beverage Control Law evince a pattern for regulation of an industry fraught with the public interest, it does not follow that section 105 should be construed so as to severely restrict the manner of advertising.

In our opinion, such an interpretation would not be in conformity with the legislative concept since subdivision 19 of section 105 should be read as part of a comprehensive legislative program of reform in this State's regulation of the marketing of alcoholic beverages. In that context, an interpretation of section 105 must be sought which is in accordance with the stated objectives of reform and the entire act must be scrutinized so as to educe the legislative intent contained in sections 105 and 101-bb (see *Matter of Kaplan* v. *Peyser,* 273 N. Y. 147). The court must assume that every provision in the statute was designed to serve a useful purpose and must " in construing statutes aim to reconcile apparent contradictions and * * * give effect, if possible, to every part of the enactment " (*Hoey* v. *Gilroy,* 129 N. Y. 132, 137; see *Allen* v. *Stevens,* 161 N. Y. 122, 145). In our view, the determination we make today provides a harmonious reconciliation between the inter-related provisions and, in this connection, it should be noted that great weight is accorded the initial interpretation of the law by the administrative agency which has the duty of administering it, provided such interpretation is rational (*Matter of Marsh* [*Catherwood*], 13 N Y 2d 235, 239).

It is our opinion that subdivision 2 of section 101-bb, at least by implication, permits retail package store licensees to advertise the sale of liquor in newspapers above cost price (see *Matter of Retail Liq. Stores Assn. of Western N. Y.* v. *Hostetter,* 52 Misc 2d 947). It is therefore evident that the Legislature did not intend to prohibit all advertising by retail liquor stores.

Accordingly, we conclude that advertisements above cost price which do not specify the retail price are violative neither of the law nor the spirit of the statute.

Section 105 must be strictly construed so as not to render section 101-bb nugatory. The former section merely prohibits advertising " the price " of liquor off-premises; but, as none of the advertisements in question makes specific reference to the consideration a customer would be required to pay for the purchase of liquor, no violation of the statutory scheme has been established.

We do not agree with the respondent's contention that *Rosenblum (supra)* is dispositive of the issue presented. The case at bar is factually distinguishable from *Rosenblum* where advertisements such as " priced under " or " pay less than " a stated price were held violative of the statute. Apparently the rationale of the majority in *Rosenblum* was based upon the assumption that a consumer would expect to pay only a cent or two less than the amount advertised and, therefore, " the price " had been advertised. Our determination is in nowise inconsistent with that decision, although it should be noted that we have decided herewith *Matter of Jacoves Liqs.* v. *State Liq. Auth.* (30 A D 2d 820) where we conclude that newspaper advertisements such as " 22% OFF  Save over 1.20 QUART ", " save more than 22% ", and " SAVE OVER $4 on 3 Pack " do not violate the statute. What was said therein is applicable at bar: " Potential customers could not know what the price was, what the cost was or the amount of money they would have to spend until they patronized the store. Accordingly, under the circumstances herein, the advertisements did not violate the law or the spirit of the statute " (*Matter of Jacoves Liqs.* v. *State Liq. Auth., supra,* p. 820).

The petition should be granted and the determination annulled, on the law, without costs.

BELDOCK, P. J., CHRIST, RABIN and HOPKINS, JJ., concur.

Petition granted and respondent's determination annulled, on the law, without costs. No questions of fact have been considered.