■ NEWPORT WINES & LIQUORS, INC., et al., Respondents, v HILDEN CORP., Appellant, and NEW YORK STATE LIQUOR AUTHORITY et al., Respondents.—In a proceeding pursuant to section 123 of the Alcoholic Beverage Control Law, Hilden Corp. appeals from (1) an order of the Supreme Court, Kings County, dated February 14, 1978, which, *inter alia,* directed a hearing as to the allegations of the petition and (2) a further order of the same court, dated May 19, 1978, which, after a hearing, permanently enjoined it from selling liquor and wine in violation of sections 101-bb and 101-bbb of the Alcoholic Beverage Control Law. Appeal from the order dated February 14, 1978 dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Order dated May 19, 1978 affirmed. Petitioners are awarded one bill of costs to cover both appeals. Section 123 of the Alcoholic Beverage Control Law provides, in pertinent part: "1. If any person * * * shall traffic in liquor, wine or beer contrary to any provision of this chapter, or otherwise unlawfully * * * the liquor authority or any taxpayer residing in the city * * * in which * * * such traffic is being conducted * * * may present a verified petition to a justice of the supreme court at a special term * * * for an order enjoining such person engaging or participating in such activity * * * If the justice or court is satisfied that such person * * * has unlawfully * * * sold liquor, wine or beer * * * contrary to the provisions of this chapter * * * an order shall be granted enjoining such person from thereafter engaging or participating in or carrying on such activity or business." This section is applicable to cases involving the unlicensed sale or manufacture of alcoholic beverages, as well as licensed sales which directly contravene particular mandatory proscriptions of the Alcoholic Beverage Control Law (see *Matter of J. R. Liqs. v State Liq. Auth.,* 46 Misc 2d 867, affd 25 AD2d 819; *Matter of William H. Van Vleck, Inc. v Klein,* 49 Misc 2d 240, 241; cf. *Matter of Rosenblum v Al's Liqs.,* 50 Misc 2d 1036, affd 27 AD2d 521). In the case at bar, Hilden Corp. is charged with selling wine and liquor below the legal minimum price therefor in violation of sections 101-bb and 101-bbb of the Alcoholic Beverage Control Law. The petitioners' application for an injunction was properly made at Special Term pursuant to section 123 of the Alcoholic Beverage Control Law. Hopkins, J. P., Martuscello, Latham and Cohalan, JJ., concur.

■ MARTIN K. PASCUZZI, Appellant, v MONTCALM PUBLISHING CORPORATION et al., Respondents.—In an action to recover damages for libel and for a violation of plaintiff's civil rights (see Civil Rights Law, § 51), plaintiff appeals from a judgment of the Supreme Court, Suffolk County, dated May 3, 1978, which granted the motion of defendant Montcalm Publishing Corporation, and the application of defendant Schieffelin & Co. to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 5). Judgment affirmed, with $50 costs and disbursements to defendant Montcalm Publishing Corporation. We agree with Special Term that both causes of action are barred by the Statute of Limitations (see CPLR 215, subd 3). There is no basis, either in section 51 of the Civil Rights Law or in the applicable Statute of Limitations, for a conclusion other than that the cause of action therein defined accrues, for limitation purposes, when the legal injury is in fact sustained. In this case, such injury occurred, if at all, at the time the allegedly offending publication was placed on sale to the public, and no later (see *Zuck v Interstate Pub. Corp.,* 317 F2d 727; *Khaury v Playboy Pub.,* 430 F Supp 1342). Mollen, P. J., Latham, Damiani and Titone, JJ., concur.