■ NEWPORT WINE & LIQUORS, INC., et al., Appellants, v HILDEN CORP., Respondent, et al., Respondents.—In a proceeding pursuant to section 123 of the Alcoholic Beverage Control Law, in which a judgment was entered enjoining respondent Hildin Liquors, Inc. (sued herein as Hilden Corp.), from "trafficking in or participating in the sale of liquor or wine in violation of Sections 101-bb and 101-bbb of the Alcoholic Beverage Control Law", petitioners appeal (1) from an order of the Supreme Court, Kings County, dated September 27, 1978, which denied their application to adjudge Hildin to be in contempt of court for violating and disobeying the terms of the judgment, and (2) as limited by their brief, from so much of a further order of the same court, dated November 2, 1978, as, in effect, upon granting reargument, adhered to its original determination. Appeal from the order dated September 27, 1978 dismissed as academic. That order was superseded by the order dated November 2, 1978. Order dated November 2, 1978 reversed insofar as appealed from, on the law and the facts, order dated September 27, 1978 vacated, and petitioners' motion to hold Hildin in contempt is granted. The proceeding is remanded to the referee for the imposition of a fine in accordance with section 773 of the Judiciary Law. Appellants are awarded one bill of costs payable by Hildin. In this proceeding brought by the petitioners pursuant to section 123 of the Alcoholic Beverage Control Law, the respondent Hildin was enjoined from selling liquor and wine in violation of sections 101-bb and 101-bbb of the Alcoholic Beverage Control Law. Hildin was served with notice of entry on May 26, 1978 and, upon its appeal, this court affirmed the judgment *(Newport Wines & Liqs. v Hilden Corp.*, 65 AD2d 786). Contending that Hildin violated the injunction by selling liquors at a cost below the legally established minimum resale price, the petitioners sought to punish it for contempt. By the parties' stipulation, the matter was referred to a referee for hearing and decision. The entirely uncontroverted evidence adduced at the hearing established that the employees of Hildin sold liquors at below the regulated minimum price, thereby violating sections 101-bb and 101-bbb of the Alco-

holic Beverage Control Law. Hildin claimed, however, and the referee so found, that the petitioners were equally culpable and that therefore it would be improper to hold Hildin in contempt. However, this finding has no support in the record. Rather, we conclude that there has been no showing that petitioners violated the minimum price provisions of the Alcoholic Beverage Control Law. Furthermore, the referee's determination that two of the petitioners were guilty of such misconduct solely by their association with the other petitioners, is improper. Accordingly, the application to hold Hildin in contempt should have been granted pursuant to section 753 of the Judiciary Law. Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.