## BOUKER CONTRACTING CO. v. NEALE et al.

(Supreme Court, Appellate Division, Second Department.   April 3, 1914.)

JUDGMENT (§ 153*) — VACATION — WANT OF JURISDICTION — IRREGULARITY — STATUTES.

 Code Civ. Proc. § 1282, provides that a motion to set aside a judgment for irregularity shall not be heard more than one year after the filing of the judgment roll.   Section 420 provides that judgment may be taken without application to the court where the complaint sets forth one or more causes of action, each consisting of the breach of an express contract to pay money or an express or implied contract to pay money received or disbursed, and demands judgment for a sum of money only, and sections 1212 and 1213 provide for the clerk's entry of judgment in such actions for default in appearance or pleading, and that in other cases plaintiff must apply to the court.   Pending an action upon a complaint embracing a cause of action on contract for money and one in tort arising out of the same transaction for damages and after appearance by defendants, plaintiff without defendants' knowledge or application to the court entered judgment for the amount claimed.   *Held* that, as one cause of action was within the statute and one without it, judgment entered by the clerk was a nullity and would be vacated after the expiration of a year; the distinction being that error in a proceeding prescribed by the practice of the court is an irregularity, but that where the proceeding itself is unwarranted it is a nullity.

 [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 300–304; Dec. Dig. § 153.*]

Appeal from Special Term, Nassau County.

Action by the Bouker Contracting Company against Herbert H. Neale and another, etc.   There was an order denying the defendants' motion to vacate judgment and they appeal.   Reversed, and motion granted.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and STAPLETON, JJ.

William G. Cooke, of New York City, for appellants.

William H. Wurts, of New York City, for respondent.

STAPLETON, J.   The order as amended denied the defendants' motion to vacate a judgment.

On the 28th day of May, 1909, the Bouker Contracting Company, the respondent herein, began an action against defendants-appellants by the service of a summons and verified complaint upon the defendant Hailey.   The complaint embraced two causes of action—one in contract for $330, and one in tort, arising out of the same transaction, for $100.   The contract was in connection with the hiring of a scow; the cause of action in tort alleged careless, negligent, and improper use of the scow.   The prayer was for judgment in the sum of $430, with interest and costs.   Notice of appearance and demand was served

on plaintiff's attorney on June 3 or 4, 1909. On June 19, 1909, the plaintiff, by its attorney, without the knowledge of the defendants, and without application to the court, entered judgment for $466.95, damages and costs.

Defendants claim that they had no knowledge of the entry of this judgment until December 3, 1913. On December 4, 1913, they obtained an order to show cause why the judgment so entered should not be vacated. The motion to vacate was denied. The ground of the decision was that a year having expired since the filing of the judgment roll, and an irregularity simply being involved, the statute presented an insuperable barrier to the application. Section 1282, Code Civil Procedure.

The question arises whether the entry was such an irregularity as is contemplated in section 1282 of the Code, and therefore incurable after the expiration of a year from the filing of the judgment roll, or whether there was such lack of power on the part of the clerk as rendered the judgment absolutely void and unavailable for any purpose.

The distinction is given in 4 Wait's Practice (1st Ed.) 430:

"Where the proceeding adopted is that prescribed by the practice of the court, and the error is merely in the manner of conducting it, such an error is an irregularity and may be waived by the laches or subsequent acts of the opposite party; but where the proceeding itself is altogether unwarranted, totally dissimilar to that which the law authorizes, then the proceeding is a nullity and cannot be made regular by any act of either party."

The term "irregularity" is sometimes used in contradistinction to jurisdictional defects, which courts have no authority to authorize or approve.

Appellants place reliance on Matter of Cartier v. Spooner, 118 App. Div. 342, 103 N. Y. Supp. 505. In that case a referee had power to hear and report. He heard and determined and judgment was entered without confirmation and leave to enter. In determining the appeal the court said:

"It is insisted, however, that the appellant is too late in making her motion to set aside the judgment, in that she did not move within one year from its entry as prescribed by section 1282 of the Code. That section relates to the setting aside of judgments for irregularity, and provides that such motions shall not be made after the expiration of one year from the filing of the judgment roll. The entry of judgment herein was not an irregularity. It was a nullity because there was no authority for its entry."

The respondent relies on the authority of C. E. Bank v. Blye, 119 N. Y. 414, 23 N. E. 805. That was a case where, in an action for replevin, the jury awarded damages for the value and damages for detention in one sum, and the clerk, in entering judgment, divided that sum into two separate amounts. The court held that this was an irregularity merely, and that section 1282 applied.

I think the case at bar comes within the authority of Matter of Cartier v. Spooner, supra. Section 420 names the only cases where judgment may be entered without application to the court. It reads:

"Judgment may be taken without application to the court, where the complaint sets forth one or more causes of action, each consisting of the breach of an express contract to pay, absolutely or upon a contingency, a sum or sums

of money, fixed by the terms of the contract, or capable of being ascertained therefrom, by computation only; or an express or implied contract to pay money received or disbursed, or the value of property delivered, or of services rendered by, to, or for the use of, the defendant or a third person; and thereupon demands judgment for a sum of money only. This section includes a case, where the breach of the contract, set forth in the complaint, is only partial; or where the complaint shows that the amount of the plaintiff's demand has been reduced by payment, counterclaim, or other credit."

It will be noticed that, where more than one cause of action is set forth, each must be one of the causes of action enumerated in the section. This complaint set forth one cause within the specified class and one without it. The clerk was without power to act. Sections 1212 and 1213, Code Civil Procedure. His act was not an irregularity; it was a nullity. It was not a mere deviation from a method authoritatively prescribed; it was nude of authority. The judgment of the court was not pronounced by an officer authorized to pronounce it. It was baseless and void and should have been vacated.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur.