### HUMES v. GRAHAM.

(Court of Appeals of District of Columbia. Submitted May 4, 1921. Decided June 6, 1921.)

No. 3462.

Judgment ☞828(2)—Invalid entry of default judgment by clerk does not terminate jurisdiction by personal service.

Where the state court rendering judgment had obtained jurisdiction of the defendant by personal service, such jurisdiction was not defeated by a pretended judgment entered by the clerk, which was a mere nullity under the laws of the state as construed by its courts, so that the judgment subsequently entered by the court is entitled to full faith and credit.

Appeal from the Supreme Court of the District of Columbia.

Action by Elsa P. Humes against Lorimer C. Graham to recover on a foreign judgment. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Wilton J. Lambert and Rudolf H. Yeatman, both of Washington, D. C., for appellant.

Dan Thew Wright and Philip Ershler, both of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This is a suit on a foreign judgment, the validity of which is challenged upon jurisdictional grounds.

It appears that appellant, plaintiff below, procured a divorce from defendant in the courts of Nevada. She then brought suit in the Supreme Court of New York to compel defendant to contribute to the support of their minor children. Personal service was secured, and a default judgment entered against defendant by the clerk of the court. Subsequently plaintiff, without further notice to defendant, by affidavit called the attention of the court to the entry of judgment by the clerk, and suggested "that this case is one where the better practice is to obtain judgment by application to the court." The court accordingly vacated the order of the clerk and entered a judgment for the amount found to be due.

It is upon this judgment that suit was instituted in the Supreme Court of the District. Defendant demurred to the declaration, on the ground that the New York court "was without power or jurisdiction to render the judgment sued on, and the same is void and of no effect." The

demurrer was sustained, and, plaintiff electing to stand upon her declaration, judgment was entered, from which this appeal is prosecuted.

The only question presented is the validity of the New York judgment. It is urged by counsel for defendant that the court was without jurisdiction to vacate the judgment of the clerk and enter a second judgment, without further service upon defendant. Where it appears that there was jurisdiction of the person and subject-matter of the litigation, the courts of a sister state will not refuse to accord full faith and credit to a judgment based upon such jurisdiction. Here the court secured jurisdiction of defendant by legal service, and defendant was in court for all purposes until the court had exhausted its jurisdiction by the entry of a final judgment. The jurisdiction of the court over defendant was not lost by the action of the clerk in assuming the prerogatives of the court. The pretended judgment entered by the clerk was a mere nullity, binding on no one, and defendant was charged with knowledge of that fact.

The effect of the action of the clerk is disposed of by the Appellate Division of the Supreme Court of New York in Bouker Construction Co. v. Neale, 161 App. Div. 617, 620, 146 N. Y. Supp., 894, 896, as follows:

"The clerk was without power to act. Sections 1212 and 1213, Code of Civil Procedure. His act was not an irregularity; it was a nullity. It was not a mere deviation from a method authoritatively prescribed; it was nude of authority. The judgment of the court was not pronounced by an officer authorized to pronounce it. It was baseless and void and should have been vacated."

The action of the clerk, being a mere nullity, did not even interrupt the jurisdiction of the court over defendant, and the only proper judgment in New York is the one here sued upon.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Reversed and remanded.