■ GEER, DU BOIS & CO., INC., Respondent, v. O. M. SCOTT & SONS COMPANY (INC.), Appellant.— Order entered September 21, 1964, granting defendant's motion to open its default unanimously modified on the law and the facts — with $30 costs and disbursements to appellant — to the extent of striking therefrom the last decretal paragraph which directs that the judgment and bill of costs stand as security. The default judgment was entered by the Clerk of the court upon a complaint alleging three causes of action. CPLR 3215 (subd. [a]) provides that where there is a default, if the plaintiff's claim is for a sum certain or for a sum which can by computation be made certain, application for judgment may be made to the Clerk. The second cause of action seeks $30,000 as the reasonable value of certain work, labor and services relating to the planning, preparation and placing into production of an advertisement. This second cause of action, based on *quantum meruit*,

does not fall within the statutory definition of a claim for a sum certain. (See *Davis* v. *Sisti*, 3 Misc 2d 132.) To permit the Clerk to enter a default judgment pursuant to CPLR 3215 (subd. [a]), each of the causes of action upon which the judgment is entered must be one which is encompassed by that section. If one of the causes, such as the second cause of action herein, does not fall within the section, the Clerk is without power to act. (*Boulker Contr. Co.* v. *Neale*, 161 App. Div. 617.) Since the Clerk had no power to enter judgment on the second cause of action, the judgment thus entered was a nullity and the application to vacate the judgment and open the default should have been granted unconditionally. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.