■ In the Matter of MACAN LIQUORS, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 to annul a determination of respondent, dated April 19, 1968, which suspended petitioner's retail liquor store license for 10 days. Determination annulled, on the law, without costs. The basis for the suspension was respondent's finding that petitioner had violated subdivision 19 of section 105 of the Alcoholic Beverage Control Law as to price, in that petitioner mailed out a personal letter to about 500 friends stating the following: "At least 75% of our prices are lower than our biggest competitors. As an example of our low prices, may we offer you any case of liquor at $2.00 above cost." In our opinion, the above-quoted statement in the letter may not be construed as publicizing "the price" at which a particular brand is offered for sale (*Matter of Great Eastern Liq. Corp.* v. *State Liq. Auth.*, 30 A D 2d 307; *Matter of Jacoves Liqs.* v. *State Liq. Auth.*, 30 A D 2d 820). Beldock, P. J., Christ and Martuscello, JJ., concur; Benjamin, J., dissents and votes to dismiss the proceeding and to confirm the determination, with the following memorandum: In my opinion, this case comes squarely within the well-reasoned holding in *Matter of Rosenblum* v. *Al's Liqs.* (50 Misc 2d 1036, affd. 27 A D 2d 521), where analogous conduct by a retail liquor dealer was deemed a violation of subdivision 19 of section 105 of the Alcoholic Beverage Control Law. As the wholesale or cost prices of all standard brands are published in widely-distributed trade books, the letter stating that the writer will sell any case of liquor "at $2.00 above cost" obviously was a clear, precise statement of the exact price at which any knowledgeable buyer could purchase liquor from the writer. And it just as obviously was a violation of the above-mentioned statute. Rabin, J., not voting.

■ DONALD R. MAXWELL, Respondent-Appellant, v. FIRST PORT JEFFERSON CORP., Appellant-Respondent.— Cross appeals, as limited by appellants' briefs, from portions of an order of the Supreme Court, Suffolk County, dated June 6, 1968. Order modified, on the law, by (1) striking out the first and fourth ordering paragraphs thereof and (2) substituting therefor a provision granting the motion to vacate the judgment in favor of plaintiff against defendant which was entered on November 5, 1965. As so modified, order affirmed, with $10 costs and disbursements to defendant. The findings of fact below have not been affirmed. We construe the action to be one in *quantum meruit*. As such, the clerk had no authority to enter the default judgment (*Geer, Du Bois & Co.* v. *Scott & Sons Co.*, 25 A D 2d 423; CPLR 3215, subds. [a], [e]). Moreover, we are of the opinion that the default judgment should have been vacated for lack of jurisdiction of defendant (CPLR 5015, subd. [a], par. 4). Christ, Acting P. J., Brennan, Hopkins, Benjamin and Martuscello, JJ., concur.