In the Matter of SAMJACK LIQUORS, INC., et al., Petitioners, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.

First Department, June 24, 1969.

*Robert W. Corcoran* for petitioners.

*Stanley Stein* of counsel (*Samuel Roberts,* attorney), for respondent.

McGIVERN, J. The proceeding is pursuant to article 78 of the CPLR to review determinations of the State Liquor Authority suspending the retail liquor store licenses of the petitioners for stated times because of advertising allegedly in violation of subdivision 19 of section 105 of the Alcoholic Beverage Control Law.

The statute, subdivision 19 of section 105 (as amd. in 1964) has been the subject of no little scrutiny and analysis by the courts, but has achieved no unanimity of opinion as to its proper construction. However, in recent years appellate holdings are veering towards the position and interpretation sought by the retail stores and the petitioners herein. With this trend we agree, and on the facts of this presentation we find the advertising complained of is not violative of the law nor the spirit of the statute.

Essentially, the statute does nothing but proscribe publicizing " the price ". The advertisements under consideration, " Full Quart at Fifth Price ", " Take An Extra 20% Off Our Low Shelf Price," " Penny Profit ", " Save Over $2.80 On ½ Gal ", " Save Over $3.00 on Bot.", give not even a clue to the stated price. The words are no more enlightening than a surrealist painting. Even the most parched patron would be baffled. Now, in the *Rosenblum* case (27 A D 2d 521 [Dec. 8, 1966; wherein the majority wrote no opinion]) the advertisements read " priced under " " pay less than " *a stated price*. Yet, on oral argument before us, the attorney for the S. L. A. stated that in the view of the S. L. A. the *Rosenblum* advertisement did not violate the statute. In any event, the *Rosenblum* case is not determinative of the case at bar. The facts herein are different and distinguishable. Thus, no constraint is in order. Particularly is this so when the rationale of the court in the *Rosenblum* case was not revealed. (See, however, dissenting opn. of STEVENS, J.)

Further, our holding herein is more consistent with appellate authority subsequent to *Rosenblum*. See, *Matter of Great Eastern Liq. Corp.* v. *State Liq. Auth.* (30 A D 2d 307); *Matter of Jacoves Liqs.* v. *State Liq. Auth.* (30 A D 2d 820) where the advertisements were completely analogous with the ones under consideration; also, *Matter of Macan Liqs.* v. *State Liq. Auth.* (31 A D 2d 813 [2d Dept.]).

Moreover, public policy is changing in favor of the consumer, that the actual price of spirituous liquors might be more readily knowable as already is the case now with " wine that maketh glad the heart of man." (Psalms. 104:15.) See recommendations of the Moreland Act Commission and the Governor's Emergency Message of February 10, 1964, as a result of which the Legislature eliminated from the Alcoholic Beverage Control Law " artificial restrictions on competition in retail liquor selling * * * in the interest of the consumer," fully noted in *Matter of Hub Wine & Liq. Co.* v. *State Liq. Auth.* (16 N Y 2d 112, 117).

Accordingly, the petition should be granted and the respond-

ent's determination annulled on the law, without costs and without disbursements.

McNALLY and STEUER, JJ. (dissenting). We dissent and would confirm the determination of the Authority.

We held in *Matter of Rosenblum* v. *Als Liqs.* (27 A D 2d 521) that advertising which indicated a price under a figure either mentioned or readily obtainable violated subdivision 19 of section 105 of the Alcoholic Beverage Control Law. Decision did not turn on the exact words used, nor was it based on the particular equivocation employed. Nor do we believe that public policy has undergone a radical change in the 18 months that have elapsed since that decision. Accordingly we believe that a proper judicial discipline mandates adhering to the prior determination.

CAPOZZOLI, J. P., and MARKEWICH, J., concur with McGIVERN, J.; McNALLY and STEUER, JJ., dissent in opinion.

Determination annulled, on the law, without costs and without disbursements, and the petition granted.