■ MARY FALSO, as Executrix of ALBERT FORTUNA, Deceased, Appellant, v VALERIE NORTON, Respondent. — Appeal from an order of the Supreme Court at Special Term (Yesawich, Jr., J.), entered March 16, 1981 in Cortland County, which granted defendant's motion to vacate a default judgment. The underlying action is one to recover for an alleged debt and for conversion of goods. Plaintiff obtained a default judgment in the sum of $61,266.31. Defendant moved pursuant to CPLR 5015 to vacate the default and Special Term granted the motion. This appeal ensued. On or about March 22, 1979, plaintiff served upon defendant a written notice requiring defendant to answer 51 interrogatories. Defendant did not answer the interrogatories nor did she move for protective relief. After further correspondence, plaintiff's attorney wrote defendant's then attorney setting June 1, 1979 as the deadline for answers and also stated that if answers were not received by that date he would move to preclude. No answers were received and plaintiff moved for a default judgment by notice of motion dated July 16, 1979. Plaintiff's motion was thereafter granted. Defendant maintains that she first became aware of the judgment when a paper marked "Execution" was served upon her by the Cortland County Sheriff in July, 1980. She thereafter contacted her present attorney and the motion to vacate was brought in October, 1980. In order to succeed on a motion to vacate a default judgment pursuant to CPLR 5015 (subd [a], par 1), the moving party must show a valid excuse for the default, a meritorious defense and the absence of willfulness (*Marine Midland Bank v Tooker,* 78 AD2d 755). In an affidavit, defendant's former attorney averred that he mistakenly believed that plaintiff's motion for a default judgment was a motion to preclude, and that due to illness and personal problems he was unable to properly attend to defendant's interest in this case. No medical documentation was provided substantiating the attorney's claims of illness and thus we conclude that a valid excuse was not established on this basis. What remains is the excuse of defendant's former attorney's inadvertence which is essentially a law office failure (see *Renne v Roven,* 29 AD2d 866). Such an excuse is insufficient to vacate a default and, therefore, Special Term's granting of defendant's motion to vacate a default judgment based upon the acceptance of law office failure as an excuse constitutes an abuse of discretion (*Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900). Plaintiff, however, in her second cause of action, sought recovery for the conversion of goods. Consequently, the damages sought therein were not for a sum certain or for a sum which could by computaton be made certain, nor were the papers submitted sufficient for a calculation of damages. Extrinsic proof being necessary to ascertain the damages in the second cause of action, an assessment of the damages should have been made (CPLR 3215, subd [b]; see *Reynolds Securities v Underwriters Bank & Trust Co.,* 44 NY2d 568). Accordingly, the order must be modified by reversing so much thereof as granted defendant's motion to vacate the default judgment as to the first cause of action and the matter

remitted to the Supreme Court, Cortland County, for the purpose of conducting an assessment as to the damages recoverable in the second cause of action. Order modified, on the law, by reversing so much thereof as granted defendant's motion to vacate the default judgment as to the first cause of action and matter remitted to the Supreme Court, Cortland County, for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.