■ DEBORAH J. BEECHER, Appellant-Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent-Appellant.—Order unanimously reversed on the law without costs, motion for default judgment denied, claims for punitive damages reinstated and motion to compel acceptance of answer granted upon payment to plaintiff of $750 in attorneys' fees within 30 days of service of the order to be entered herein with notice of entry. Memorandum: Supreme Court, upon reargument, erroneously dismissed plaintiff's claims for punitive damages. In reviewing a motion for entry of a default judgment based upon defendant's failure to answer or appear, the court is not empowered to determine the legal merit of the plaintiff's claims on its own initiative. Inasmuch as the plaintiff in such posture must still present proof to sustain recovery of the damages demanded *(see,* CPLR 3215 [b]; *Wine Antiques v St. Paul Fire & Mar. Ins. Co.,* 40 AD2d 657, *affd* 34 NY2d 781), the court is not without authority to dismiss the claims for failure of proof or legal insufficiency following an inquest.

However, it was error to do so in response to plaintiff's motion for a default. Further, the court was not constrained to dismiss the claims for punitive damages on the strength of *Kapeleris v Colonial Penn Ins. Co.* (163 AD2d 918). That case involved an appeal transferred from the Second Department to this Court in which we applied Second Department case law *(Roldan v Allstate Ins. Co.,* 149 AD2d 20). In such case, the law of the judicial department from which the appeal originated governs *(Matter of Doyle v Amster,* 79 NY2d 592, 595). This Court has not ruled upon that issue in a case originating in this department.

In our view, Supreme Court abused its discretion by denying defendant's motion to compel acceptance of its answer *(see,* CPLR 3012 [d]). Defendant demonstrated a reasonable excuse for the delay by showing that it served its answer just five days after the date within which plaintiff had extended the time to answer and following a period when the parties had been negotiating a possible resolution of this action. In view of the brief delay, the absence of any prejudice to plaintiff and the meritorious defense to plaintiff's compensatory and punitive damage claims, defendant should be permitted to answer the complaint. We grant defendant's motion upon payment of $750 in attorneys' fees to plaintiff within 30 days of service of the order to be entered herein with notice of entry. (Appeals from Order of Supreme Court, Monroe County, Cornelius, J.—Dismiss Cause of Action.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.