[927 NYS2d 349]

STEPHAN B. GLEICH & ASSOCIATES, Respondent, v LOUIS GRITSI-PIS, Appellant.

Second Department, June 21, 2011

**APPEARANCES OF COUNSEL**

*Alexandra Siskopoulos*, Brooklyn, for appellant.

*Gleich, Seigel & Farkas*, Great Neck (*Lawrence W. Farkas* and *Gabriel A. Leventhal* of counsel), for respondent.

**OPINION OF THE COURT**

Dillon, J.P.

CPLR 3215 (a) permits the clerk of the court to enter judgment in favor of a plaintiff upon the submission of the requisite proof, when "the plaintiff's claim is for a sum certain or for a sum which can by computation be made certain." As the clear language of the statute indicates, the circumstances under which the clerk is authorized to act are quite narrow, as they are limited to claims seeking money alone where the claims consist of either precise monetary amounts or monetary amounts which can be arrived at by mere arithmetical computation. Moreover, "requisite proof" of such claims must be submitted to the clerk. Here, the plaintiff's summons with notice sought damages based on causes of action for legal fees and disbursements, unjust enrichment, and upon an account stated. We address whether a clerk may properly enter a judgment on default under CPLR 3215 (a) where, as here, causes of action were asserted beyond those seeking a sum certain and, if not, whether the vacatur of the judgment requires a vacatur of the defendant's underlying default.

## I. Relevant Facts

The plaintiff law firm, Stephan B. Gleich & Associates, commenced this action by the filing of a summons with notice in the Supreme Court, Nassau County, on August 17, 1993 (hereinafter the 1993 action). The plaintiff sought an award of unpaid

legal fees and disbursements allegedly incurred by the defendant, Louis Gritsipis, in earlier landlord-tenant matters litigated in the Supreme Court, New York County, and in the Civil Court, New York County. The causes of action asserted in the summons with notice were for "fees for legal services and disbursements rendered, unjust enrichment and upon an account stated." The specific relief sought was the sum of $80,000.

An affidavit of service reflects service upon the defendant on September 7, 1993, by delivery of a copy of the summons with notice to a person of suitable age and discretion named Evelyn Monterosa at the defendant's place of business, and by a mailing on the next day to the defendant's last known place of business in an envelope marked "personal and confidential" (CPLR 308 [2]). An additional affidavit reflects a follow-up mailing on October 22, 1993, to the defendant's last known residence and to his place of business in an envelope marked "personal and confidential," presumably pursuant to CPLR 3215 (g) (3). The defendant neither appeared nor answered in the action.

On January 7, 1994, the plaintiff presented to the Nassau County Clerk an affidavit of facts stating that the parties had entered into an agreement for legal services compensable at specified hourly rates for partners and various associates, and that the hours of legal work performed entitled the plaintiff to the sum of $61,917.04 for legal fees, plus unreimbursed appellate printing costs of $4,958.37, for a total sum owed of $66,875.41. Attached to the affidavit were invoices constituting "accounts stated" for professional services rendered and disbursements incurred between October 29, 1990, and December 2, 1992. The affidavit of facts evidenced service of process upon the defendant pursuant to CPLR 308 (2), with a follow-up copy transmitted pursuant to CPLR 3215 (g), and established that the billing invoices were accepted by the defendant without objection. A clerk's judgment was thereafter executed on February 7, 1994, for the requested sum of $66,875.41, plus statutory costs and disbursements in the sum of $370, for a total judgment in the sum of $67,245.41 (hereinafter the 1994 judgment).

The plaintiff commenced a second action against the defendant on March 17, 2009, by the filing of a summons and complaint in the Supreme Court, Nassau County, under index No. 09-006753 (hereinafter the 2009 complaint). The plaintiff alleged that no portion of the 1994 judgment had been satisfied, that more than 10 years had passed since the judgment was docketed, and that the judgment should be renewed pursuant to

CPLR 5014 (1). The defendant answered the 2009 complaint, asserted affirmative defenses, and separately moved under the index number of the 1993 action, inter alia, to vacate the 1994 judgment. In support of the motion, the defendant maintained, among other things, that he had never been properly served with the 1993 summons with notice; that he did not know of the 1994 judgment until the commencement of the 2009 action; that he did "not remember an Evelyn Monterosa, the person of suitable age and discretion who was served according to the original affidavit of service"; and that any outstanding legal fees had been incurred solely by his corporation, 2479 Kandila Corp., which went out of business in 1992. The plaintiff opposed the motion, arguing that the defendant's papers failed to establish a lack of jurisdiction under CPLR 5015 (a) (4), and also failed to establish a reasonable excuse and a potentially meritorious defense to the action as required by CPLR 5015 (a) (1).

In the order appealed from, the Supreme Court denied that branch of the defendant's motion which was to vacate the 1994 judgment, finding that the defendant's conclusory denial of service did not qualify as a reasonable excuse for failing to appear in the action, and that the defendant's claimed defenses were refuted by documentary evidence.

The defendant appeals, arguing that the record establishes grounds for vacating the default under either CPLR 5015 (a) (1) or (4). The defendant also argues, for the first time on appeal, that since the plaintiff's summons with notice included a cause of action for both a sum certain and alternative equitable causes, the clerk was without authority to enter any judgment in favor of the plaintiff.

For reasons set forth below, we modify the order appealed from, and remit the matter to the Supreme Court, Nassau County, for an inquest on the issue of damages and other ancillary relief.

## II. The Supreme Court Properly Denied Vacatur of the 1994 Judgment Pursuant to CPLR 5015

Contrary to the defendant's contention, the plaintiff properly obtained jurisdiction over him under CPLR 308 (2). The affidavit of the plaintiff's process server constitutes prima facie evidence of proper service (*see Matter of Perskin v Bassaragh*, 73 AD3d 1073 [2010]; *Prospect Park Mgt., LLC v Beatty*, 73 AD3d 885 [2010]; *Pezolano v Incorporated City of Glen Cove*,

71 AD3d 970, 971 [2010]; *Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524, 525 [2008]; *Jefferson v Netusil*, 44 AD3d 621 [2007]). The defendant's failure to recall the person of suitable age and discretion who was served, without specific facts of the identity of his employees, employment records, payroll records, or affidavits from others, fails to rebut the process server's affidavit (*see Interlink Metals & Chems. v Kazdan*, 222 AD2d 55, 56 [1996]; *see also Pezolano v Incorporated City of Glen Cove*, 71 AD3d at 971; *Sturino v Nino Tripicchio & Son Landscaping*, 65 AD3d 1327 [2009]; *Silverman v Deutsch*, 283 AD2d 478, 478-479 [2001]). Thus, there is an insufficient basis to vacate the 1994 judgment for lack of jurisdiction under CPLR 5015 (a) (4).

Clerks' judgments may nevertheless be vacated pursuant to CPLR 5015 (a) (1) where the defendant demonstrates both a reasonable excuse for the default and a potentially meritorious defense to the action (*see Verde Elec. Corp. v Federal Ins. Co.*, 50 AD3d 672, 672-673 [2008]; *see generally Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]; *Yao Ping Tang v Grand Estate, LLC*, 77 AD3d 822 [2010]; *Zanani v Schvimmer*, 75 AD3d 546, 547 [2010]; *Li Gang Ma v Hong Guang Hu*, 54 AD3d 312, 313 [2008]). The defendant failed to establish a reasonable excuse for his default since the only excuse he proffered was that he was not served with process. Moreover, we agree with the Supreme Court that the defendant also failed to establish a potentially meritorious defense to the action. Contrary to the defendant's contention that the legal services were rendered solely to his corporation, the documentary evidence, including the invoices for legal fees incurred and the pleadings in the earlier landlord-tenant litigations, establish that the defendant was an individually named party in those actions who received individualized legal services. Other issues that the defendant raises as to the invoices themselves speak to the specific amount of damages, and not to liability or to his default in the 1993 action.

### III. The Clerk's Judgment under CPLR 3215 (a)

The defendant's argument that the clerk of the court lacked authority to enter a judgment is raised for the first time on appeal. However, where, as here, an argument presents an issue of law appearing on the face of the record which could not have been avoided if raised at the proper juncture, it may be

considered by an appellate court (*see Parry v Murphy*, 79 AD3d 713 [2010]; *Verde Elec. Corp. v Federal Ins. Co.*, 50 AD3d at 673; *Chrostowski v Chow*, 37 AD3d 638, 639 [2007]; *Beepat v James*, 303 AD2d 345, 346 [2003]; *Hanna v Ford Motor Co.*, 252 AD2d 478 [1998]). The nature of this appeal warrants the exercise of our discretion in reaching on its merits the issue of the propriety of the clerk's judgment.

CPLR 3215 (a) allows a party to seek a default judgment by application to the clerk if the claim is "for a sum certain or for a sum which can by computation be made certain." Where the clerk is presented with the requisite proof, he or she "shall enter judgment for the amount demanded in the complaint or stated in the [summons with notice], plus costs and interest" (CPLR 3215 [a]). While the statute directs that the amount of the judgment shall be the amount demanded in the complaint or summons with notice, the language has been interpreted by the Court of Appeals as allowing the plaintiff to elect a lesser sum (*see McClelland v Climax Hosiery Mills*, 252 NY 347, 352 [1930] [interpreting a similar predecessor statute, Civ Prac Act § 485]).

The limitation of clerk's judgments to claims for a "sum certain" "contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due" (*Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572 [1978]; *Pikulin v Mikshakov*, 258 AD2d 450, 451 [1999]). The statute is intended to apply to only the most liquidated and undisputable of claims, such as actions on money judgments and negotiable instruments (*see Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d at 572; *Pikulin v Mikshakov*, 258 AD2d at 451; Siegel, NY Prac § 293, at 477 [4th ed]).

On the face of the plaintiff's 1993 summons with notice, the plaintiff did not allege the existence of a written retainer agreement, and did not specifically describe the nature of the action as one for breach of contract. Furthermore, no copy of a retainer agreement was annexed to the affidavit of facts submitted to the clerk. The claim "to recover for legal services" may be viewed as stating a cause of action sounding in quantum meruit, for which there must be evidence of (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services allegedly rendered (*see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 19 [2008]; *Cruz v McAneney*, 31 AD3d

54, 59 [2006]; *Citibank, N.A. v Walker*, 12 AD3d 480, 481 [2004]). The cause of action alleging unjust enrichment, which is clearly stated in the summons with notice, requires proof that (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered (*see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d at 19; *Cruz v McAneney*, 31 AD3d at 59; *Citibank, N.A. v Walker*, 12 AD3d at 481). Quantum meruit and unjust enrichment theories are equitable in nature, and are appropriate only if there is no valid and enforceable contract between the parties covering the dispute at issue (*see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d at 20; *Hochman v LaRea*, 14 AD3d 653, 654-655 [2005]; *Zuccarini v Ziff-Davis Media*, 306 AD2d 404, 405 [2003]; *Old Salem Dev. Group v Town of Fishkill*, 301 AD2d 639 [2003]). Such causes of action are not for a sum certain and, therefore, are not eligible for the entry of a clerk's judgment under CPLR 3215 (a) (*see Ayres Mem. Animal Shelter, Inc. v Montgomery County Socy. for Prevention of Cruelty to Animals*, 17 AD3d 904, 904-905 [2005] [quantum meruit]; *Maxwell v First Port Jefferson Corp.*, 31 AD2d 813 [1969] [quantum meruit]).

By contrast, an account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and the balance due (*see Landau v Weissman*, 78 AD3d 661 [2010]; *Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869 [1993]). By retaining billing statements and failing to object to the account within a reasonable time, the recipient of the bill implies that he or she agrees with the sender regarding the amount owed (*see Rodkinson v Haecker*, 248 NY 480, 485 [1928]; *American Express Centurion Bank v Cutler*, 81 AD3d 761, 762 [2011]; *Landau v Weissman*, 78 AD3d at 661; *O'Connell & Aronowitz v Gullo*, 229 AD2d 637, 638 [1996]; *Ruskin, Moscou, Evans & Faltischek v FGH Realty Credit Corp.*, 228 AD2d 294, 295-296 [1996]; *Shea & Gould v Burr*, 194 AD2d 369, 370 [1993]; *Rosenman Colin Freund Lewis & Cohen v Edelman*, 160 AD2d 626 [1990]; *Brown Rudnick Berlack Israels LLP v Zelmanovitch*, 11 Misc 3d 1090[A], 2006 NY Slip Op 50800[U], *5 [2006]). Generally, an account stated may qualify for relief under CPLR 3215 (*see Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524 [2008]; *Imperial Med. & Surgical Sup. v Country-Wide Ins. Co.*, 2002 NY Slip Op 50352[U], *5 n 6 [2002]; *cf. Commissioners of State Ins. Fund v Khondoker*, 55 AD3d 525 [2008]).

■ The Appellate Division, First Department, directly addressed the question of whether a clerk may enter a judgment pursuant to CPLR 3215 (a) when one or more causes of action in a plaintiff's pleading is for a sum certain and one or more other causes of action is not. It held, in *Geer, Du Bois & Co. v Scott & Sons Co.* (25 AD2d 423 [1966]), that a clerk is without authority to enter a judgment under such circumstances (*id.*; *see Gaynor & Bass v Arcadipane*, 268 AD2d 296 [2000]; *Bouker Contr. Co. v Neale*, 161 App Div 617 [1914]). Although the First Department did not explain its reasoning, we find its result to be sound. A clerk entering a judgment for a sum certain, in actions where other nonconforming causes of action also are alleged, would, in effect, be severing the nonconforming causes of action from the pleading or, viewed another way, be rendering academic the nonconforming causes of action. Such action is more in the nature of a judicial function than a ministerial function of the type contemplated for a clerk by CPLR 3215 (a) (*see Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d at 572). Accordingly, as the plaintiff's summons with notice asserted equitable causes of action that were not, by definition, for a sum certain, the Nassau County Clerk was without statutory authority to render a clerk's judgment (*see Geer Du Bois & Co. v Scott & Sons Co.*, 25 AD2d at 423; *Bouker Contr. Co. v Neale,* 161 App Div at 619-620).

Our finding that the clerk's judgment is void raises a secondary issue, namely, whether vacating the clerk's judgment also requires the vacatur of the underlying finding that the defendant was in default or, alternatively, whether upon vacatur, the underlying default finding remains intact and the matter should be remitted to the Supreme Court only to conduct an inquest on damages. In certain cases, the Appellate Divisions have vacated the clerks' judgments only and remitted the matters for inquests (*see Fidelity Natl. Tit. Ins. Co. v Valtech Research, Inc.*, 73 AD3d 686, 687 [2010]; *General Elec. Tech. Servs. Co. v Perez*, 156 AD2d 781, 784 [1989]; *Woodward v Eighmie Moving & Stor.,* 151 AD2d 892, 893 [1989]; *Falso v Norton*, 89 AD2d 635, 635-636 [1982]). In other cases, the Appellate Divisions made clear that the vacatur of the clerks' judgments has the effect of also vacating the underlying finding that the defendants were in default (*see Gaynor & Bass v Arcadipane*, 268 AD2d at 297; *Gibbs v Hoot Owl Sportsman's Club*, 257 AD2d 942, 943 [1999]; *Action Lawn & Landscaping v East Glenville Fire Dist.*, 254 AD2d 585, 587 [1998]; *Jannon v Van Buskirk*, 227 AD2d 844,

844-845 [1996]; *Maxwell v First Port Jefferson Corp.*, 31 AD2d at 813; *Geer, Du Bois & Co. v Scott & Sons Co.*, 25 AD2d at 423).

■ These seemingly inconsistent cases can be reconciled. In the first set of cases, the issue of whether to vacate the defendants' defaults pursuant to CPLR 5015, on the basis that a reasonable excuse and a potentially meritorious defense were presented, was before the Courts, and the Appellate Divisions concluded in each instance that the defendants failed to establish either reasonable excuses for their respective defaults or potentially meritorious defenses. Since there was no basis to vacate the underlying defaults on the papers submitted in those cases, the only procedures that remained to be undertaken, where the clerks' judgments were found to be unauthorized, were inquests on damages (*see Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d at 573-574; *General Elec. Tech. Servs. Co. v Perez*, 156 AD2d 781 [1989]; *Woodward v Eighmie Moving & Stor.*, 151 AD2d at 893; *Falso v Norton*, 89 AD2d at 635-636; *Fidelity Natl. Tit. Ins. Co. v Valtech Research, Inc.*, 73 AD3d at 687). By contrast, in the other set of cases, the vacatur of the defendants' underlying defaults was not raised as an issue (*see Gibbs v Hoot Owl Sportsman's Club*, 257 AD2d at 943; *Maxwell v First Port Jefferson Corp.*, 31 AD2d at 813; *Geer, Du Bois & Co. v Scott & Sons Co.*, 25 AD2d at 423), the defendants' defaults were found on appeal to be excusable so that the actions reverted to their predefault status (*see Gaynor & Bass v Arcadipane*, 268 AD2d at 297; *Action Lawn & Landscaping v East Glenville Fire Dist.*, 254 AD2d at 587), or the defendant's default was unresolved upon further application to the Supreme Court to permit service of a late answer (*see Jannon v Van Buskirk*, 227 AD2d at 844-845). Accordingly, where a defendant's default is found to be excusable, or at least subject to further proceedings at the Supreme Court, the clerk's judgment must be vacated, along with any underlying finding that the defendant was in default.

Here, the Supreme Court found that in the 1993 action, the defendant has demonstrated neither a reasonable excuse for his underlying default nor a potentially meritorious defense to that action. Its finding, which we are affirming on appeal, establishes the law of the case that the defendant is in default and is not entitled to vacatur of the judgment pursuant to CPLR 5015 (a). The only remaining action to be undertaken beyond the vacatur of the clerk's judgment is the conduct of a damages inquest on

any cause of action asserted in the 1993 summons with notice (*see General Elec. Tech. Servs. Co. v Perez*, 156 AD2d at 784; *Falso v Norton*, 89 AD2d at 635-636; *Fidelity Natl. Tit. Ins. Co. v Valtech Research, Inc.*, 73 AD3d at 687).

We note that pursuant to CPLR 3012 (d), a defendant who has failed to timely appear in an action may move to compel the plaintiff's acceptance of an untimely answer "upon such terms as may be just and upon a showing of reasonable excuse for [the] delay or default" (*see New York & Presbyt. Hosp. v Auto One Ins. Co.*, 28 AD3d 441 [2006]; *Beecher v State Farm Mut. Auto. Ins. Co.*, 186 AD2d 1012 [1992]). We find that the showing of reasonable excuse that a defendant must establish to be entitled to serve a late answer under CPLR 3012 (d) is the same as that which a defendant must make to be entitled to the vacatur of a default under CPLR 5015 (a) (1). Since the defendant here has been found to lack a reasonable excuse for his failure to timely appear on the 1993 action, the law of the case forecloses any further remedy under CPLR 3012 (d), again leading to the conclusion that an inquest on damages is all that remains for the Supreme Court (*see General Elec. Tech. Servs. Co. v Perez*, 156 AD2d at 784; *Falso v Norton*, 89 AD2d at 635-636; *cf. Jannon v Van Buskirk*, 227 AD2d at 844-845).

We do not suggest that plaintiffs who assert alternative legal and equitable causes of action are always foreclosed from obtaining clerks' judgments under CPLR 3215 (a). Plaintiffs' attorneys do not know at the time they draft summonses with notice or complaints that the defendant will fail to appear and answer, and accordingly, all potential causes of action will typically be included. Plaintiffs who later seek a clerk's judgment, instead of applying to the court itself, may be able to avail themselves of CPLR 3217 (a) (1), which allows the voluntary discontinuance of any claim, without leave of court, at any time before a responsive pleading is served or within 20 days after service of the pleading asserting the claim, whichever is earlier. If plaintiffs seeking to discontinue non-sum certain causes of action do not meet the time requirements of CPLR 3217 (a) (1), they could then move before the court to discontinue pursuant to CPLR 3217 (b). It would seem, however, that seeking court intervention to discontinue non-sum certain causes of action would defeat the purpose of seeking a clerk's judgment in the first instance. In any event, assuming the time requirements for a voluntary discontinuance are met, a plaintiff's affidavit of facts, submitted in support of the entry of the clerk's judgment,

can include an expressed voluntary discontinuance of all causes of action except for the cause of action seeking a sum certain. Upon the voluntary discontinuance of all claims that do not fall within the scope of CPLR 3215 (a), the clerk would then be authorized to enter a judgment upon the submitted proof of the sum certain amount demanded (*cf. Time Warner City Cable v Tri State Auto*, 5 AD3d 153 [2004]). Here, the plaintiff did not seek to discontinue the non-sum certain causes of action prior to submitting its affidavit of facts to the clerk, rendering the clerk's judgment infirm.

Given the defendant's default in this action and other circumstances in the record, the 1994 clerk's judgment affected by this opinion and order shall stand as security pending the assessment of damages and, during that time, the plaintiff shall be enjoined from enforcing that judgment (*see Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d at 574; *Woodward v Eighmie Moving & Stor.*, 151 AD2d at 893).

The defendant's remaining contentions either are without merit or have been rendered academic by our determination.

In light of the foregoing, the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to vacate the judgment in the total sum of $67,245.41 entered by the Clerk of the Supreme Court, Nassau County, on February 7, 1994, against him, and substituting therefor a provision granting that branch of the motion, and as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for an assessment of damages and for the entry thereafter of an appropriate judgment in favor of the plaintiff, and pending the assessment of damages and the entry of a new judgment, the judgment entered February 7, 1994, shall continue to stand as security, with execution thereof stayed.

BALKIN, BELEN and AUSTIN, JJ., concur.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to vacate the judgment in the total sum of $67,245.41 entered by the Clerk of the Supreme Court, Nassau County, on February 7, 1994, against him, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the defendant, and the matter is remitted to the Supreme Court, Nassau County, for an assessment of damages and for the entry thereafter of an appropriate judgment in favor of the plaintiff; and it is further,

Ordered that pending the assessment of damages and the entry of a new judgment, the judgment entered February 7, 1994, shall continue to stand as security, with execution thereof stayed.