■ ZECCOLA & SELINGER, LLC, Appellant, v HARVEY HORO-WITZ et al., Respondents. [931 NYS2d 536]—

The Orange County Clerk did not have the authority to enter a clerk's judgment against the defendants under CPLR 3215 (a), as the plaintiff's cause of action was not for a "sum certain" (*see Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572 [1978]; *Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216 [2011]; *Ayres Mem. Animal Shelter, Inc. v Montgomery County Socy. for Prevention of Cruelty to Animals*, 17 AD3d 904, 904-905 [2005]; *Pikulin v Mikshakov*, 258 AD2d 450, 451 [1999]; *Maxwell v First Port Jefferson Corp.*, 31 AD2d 813 [1969]; *Geer, Du Bois & Co. v Scott & Sons Co.*, 25 AD2d 423 [1966]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to vacate the clerk's judgment.

Furthermore, the Supreme Court providently exercised its discretion in granting those branches of the defendants' motion which were to vacate their default in appearing or answering and to compel acceptance of their answer (*see* CPLR 3012 [d]). In light of the lack of any prejudice to the plaintiff resulting from the minimal delay by the individual defendants, after appearing, in serving an answer to the complaint, and the short delay by the corporate defendant in appearing and answering the complaint, the lack of willfulness on the part of the defendants, the existence of potentially meritorious defenses, and the public policy favoring the resolution of cases on the merits, the defendants' default in appearing or answering were properly excused (*see* CPLR 2004; *Zanelli v JMM Raceway, LLC*, 83 AD3d 697 [2011]; *Feder v Eline Capital Corp.*, 80 AD3d 554, 555 [2011]; *Verde Elec. Corp. v Federal Ins. Co.*, 50 AD3d 672 [2008]; *Stuart v Kushner*, 39 AD3d 535 [2007]). Skelos, J.P., Angiolillo, Lott and Roman, JJ., concur.