■ PRIMARY CARE AMBULANCE CORPORATION, Appellant, v GEORGETTE HALLIDAY SIMPSON, Respondent, et al., Defendant. [49 NYS3d 173]—

In an action to recover for services rendered, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme, Court, Richmond County (Troia, J.), dated September 18, 2014, as granted those branches of the motion of the defendant Georgette Halliday Simpson which were to vacate an undated clerk's judgment of the same court, entered upon her default in answering or appearing, to vacate her default in answering or appearing, and to compel the plaintiff to accept her answer.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting those branches of the motion of the defendant Georgette Halliday Simpson which were to vacate her default in answering or appearing and to compel the plaintiff to accept her answer, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action by summons and verified complaint dated December 22, 2011, against Georgette Halliday Simpson (hereinafter the defendant) and her now-deceased husband, Darold Simpson (hereinafter Darold), to recover damages for their alleged failure to pay for ambulance services rendered to Darold between 2008 and 2011. The plaintiff effectuated personal service of the summons and complaint on the defendant at the New York City Sheriff's Office in Richmond County on June 1, 2012, and followed up with additional service by mailing the summons and complaint to the defendant's residence on June 5, 2012. The plaintiff

thereafter sought and received from the Richmond County Clerk a default judgment pursuant to CPLR 3215 (a) against the defendant on its first and sixth causes of action. The defendant moved to vacate the clerk's judgment, to vacate her default in answering or appearing, to compel the plaintiff to accept her answer, and for other relief. The Supreme Court granted the defendant's motion in its entirety. The plaintiff appeals.

The Richmond County Clerk did not have the authority to enter a clerk's judgment against the defendant pursuant CPLR 3215 (a) because the plaintiff's first and sixth causes of action insofar as asserted against her were not for a "sum certain" (CPLR 3215 [a]; *see Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572 [1978]; *Vinny Petulla Contr. Corp. v Ranieri*, 94 AD3d 751, 752 [2012]; *Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 221-223 [2011]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to vacate the clerk's judgment.

Nevertheless, the Supreme Court improvidently exercised its discretion in granting those branches of the defendant's motion which were to vacate her default in answering or appearing and to compel the plaintiff to accept her answer. "To compel the acceptance of an untimely pleading, a party must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (*Roccanova v Aussino [USA], Inc.*, 76 AD3d 522, 522-523 [2010]; *see* CPLR 3012 [d]; *Stephan B. Gleich & Assoc.*, 87 AD3d at 224-226). Here, the defendant's unsubstantiated explanations for why she waited a year and a half, specifically that she never received service of the complaint and had to wait to obtain letters of administration before challenging the clerk's judgment, did not constitute a reasonable excuse for failing to answer or appear (*see BAC Home Loans Servicing, LP v Reardon*, 132 AD3d 790, 790-791 [2015]; *Staples v Jeff Hunt Devs., Inc.*, 56 AD3d 459, 459 [2008]). Since the defendant failed to offer a reasonable excuse for her default, it is unnecessary to consider whether she sufficiently demonstrated the existence of a potentially meritorious defense to the action (*see Duprat v BMW Fin. Servs., NA, LLC*, 142 AD3d 946, 947-948 [2016]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]; *Staples v Jeff Hunt Devs., Inc.*, 56 AD3d 459 [2008]). Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were to vacate her default in answering or appearing and to compel the plaintiff to accept her answer. Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.