State of New York v Walker (2024 NY Slip Op 00716)

State of New York v Walker

2024 NY Slip Op 00716

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND DELCONTE, JJ.

965 CA 22-01726

[*1]STATE OF NEW YORK, PLAINTIFF-RESPONDENT,
v
CHRISTOPHER WALKER, DEFENDANT-APPELLANT. 

ANTHONY J. PIETRAFESA, SYRACUSE, FOR DEFENDANT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SEAN P. MIX OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered October 11, 2022. The order denied the motion of defendant to, inter alia, vacate a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted in part, the judgment entered by the Onondaga County Clerk on October 7, 2014, is vacated and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Defendant appeals from an order denying his motion seeking, among other things, to vacate the default judgment that the Onondaga County Clerk entered against him in this action. Defendant contended in support of his motion that Supreme Court lacked personal jurisdiction over him because plaintiff's process server did not meet the due diligence requirement of CPLR 308 (4) and that he was not properly served with the summons with notice by substituted service under CPLR 308 (4). He also contended, among other things, that the Clerk lacked authority to enter the judgment because the claim is not for a sum certain.
Initially, we agree with defendant that the Clerk lacked authority under CPLR 3215 (a) to enter the default judgment. "CPLR 3215 (a) allows a party to seek a default judgment by application to the clerk if the claim is 'for a sum certain or for a sum which can by computation be made certain' " (Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 222 [2d Dept 2011]). "The limitation of clerk's judgments to claims for a sum certain contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due" (id. [internal quotation marks omitted]; see Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 572 [1978]). "The statute is intended to apply to only the most liquidated and undisputable of claims, such as actions on money judgments and negotiable instruments" (Stephan B. Gleich & Assoc., 87 AD3d at 222). Under the circumstances of this case, we conclude that this action, which seeks to recover damages for medical services, is not for a sum certain or for a sum that by computation can be made certain (see Primary Care Ambulance Corp. v Simpson, 148 AD3d 943, 943-944 [2d Dept 2017]; see generally Stephan B. Gleich & Assoc., 87 AD3d at 222). We therefore conclude that the court should have granted defendant's motion insofar as it sought to vacate the judgment on that basis.
Defendant further contends that he was not properly served with the summons with notice pursuant to CPLR 308 (4) and that the court should therefore have granted his motion insofar as it sought to vacate the default judgment on that ground and to dismiss the action or, in the alternative, to hold an inquest on damages if service was determined to be proper. "Ordinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served" (Cach, LLC v Ryan, 158 AD3d 1193, 1194 [4th Dept 2018] [internal quotation marks omitted]; see Alostar Bank of Commerce v Sanoian, 153 AD3d 1659, 1659 [4th Dept 2017]). Although "bare and unsubstantiated denials are insufficient to rebut the presumption of service . . . , a sworn denial of service containing specific facts generally rebuts the presumption of [*2]proper service established by the process server's affidavit and necessitates an evidentiary hearing" (Cach, LLC, 158 AD3d at 1194 [internal quotation marks omitted]). Here, defendant's submissions raised a genuine question on the issue whether service was properly effected (see Garvey v Global Asset Mgt. Solutions, Inc., 192 AD3d 1597, 1598 [4th Dept 2021]; Cach, LLC, 158 AD3d at 1195). Defendant submitted an affidavit in which he averred, inter alia, that he lived in the upstairs apartment of a two-story, two-family house, and that, because his apartment was not specified on the papers described in the process server's affidavit of service, he never received service (see L & W Supply Corp. v Built-Rite Drywall Corp., 220 AD3d 1205, 1206 [4th Dept 2023]). In light of the foregoing, we reverse the order, grant defendant's motion in part, vacate the Clerk's judgment, and remit the matter to Supreme Court to conduct a traverse hearing on the issue whether service was properly effectuated pursuant to CPLR 308 (4) and to determine, following the hearing, defendant's motion to the extent that it sought dismissal of the action based on the lack of proper service or, in the alternative, an inquest on damages.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court